UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEWIS KERSEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:10-CV-172 RM |
| | ) |
| ED BUSS and MARK LEVENHAGEN, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Lewis Kersey, a *pro se* prisoner confined at Indiana State Prison ("ISP"), filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Here, Mr. Kersey alleges that Indiana Department of Correction ("IDOC") Commissioner Ed Buss and ISP Superintendent Mark Levenhagen violated his federally protected rights by taking away his contact visitation privileges. According to the complaint, a prison disciplinary hearing board found Mr. Kersey guilty of violating prison rules that he claims "had nothing to do with the visiting area." (DE 1 at ¶ 10). He alleges that Supt. Levenhagen found him to be a "threat to the safety and security of the facility" and "illegally imposed the sanction of administrative procedure policy 02-01-102, the loss of contact visiting privileges." (*Id.* at ¶¶ 8, 10.) Mr. Kersey also seeks preliminary injunctive relief requiring the defendants to immediately "(cease) from illegally imposing the sanction of policy 02-01-102 non-contact visits without proof that the petitioner actually violated a facility rule while in the visiting room." (DE 1 at 4; DE 2.)

Although the complaint isn't on the court's prisoner complaint form and is somewhat difficult to parse, the crux of Mr. Kersey's claim appears to be that the restriction on his contact visitation without proof that he violated a rule while he was in the visiting area denied him due process of law. The Fourteenth Amendment Due Process Clause doesn't protect against every change in the conditions of confinement having an adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and

2

significant hardship on him in relation to the ordinary incidents of prison life, or when the discipline imposed infringed on rights protected by the Due Process Clause of its own force. Id. Even transferring a prisoner from the general population to a segregation unit doesn't present an "atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." Id. at 485. Moreover, prison officials are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

In light of those principles, a court could grant relief only if the restriction imposed on Mr. Kersey's visitation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life or infringed on rights protected by the Due Process Clause of its own force. Inmates have no independent due process right to visitation or to particular forms of visitation. *See* Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989); *see also* Block v. Rutherford, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility."). ] Prison officials are afforded considerable discretion in determining the time, place, duration, and conditions of visitation in order to maintain institutional safety and security. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) ("[V]isitation privileges are a matter subject to the discretion of prison officials."); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998) ("[P]rison officials necessarily enjoy broad

discretion in controlling visitor access to a prisoner."). The restriction placed on Mr. Kersey's visitation, which was based on a determination that he constitutes a threat to the safety and security of the facility, falls within the discretion the Constitution affords to prison officials. The restriction doesn't work an atypical and significant hardship on him in relation to the ordinary incidents of prison life and is "within the expected parameters of the sentence imposed by a court of law."[1] Sandin v. Conner, 515 U.S. at 485.

For the foregoing reasons, the court DISMISSES the complaint (DE 1) pursuant to 28 U.S.C. § 1915A, and DENIES the motion for a preliminary injunction (DE 2) as moot.

SO ORDERED.

ENTERED: May  7 , 2010

                                                    /s/ Robert L. Miller, Jr.
                                                  Judge
                                                  United States District Court

cc: L. Kersey

---

[1] The cases cited by Mr. Kersey are not persuasive. (*See* DE 1 at 4.) Two are state cases that are neither binding on this court or helpful to the court's analysis of the issues presented in this case. *See* Fleming v. Coughlin, 634 N.Y.S.2d 890 (N.Y. App. Div. 1995); Puckett v. Stuckey, 633 So.2d 978 (Miss. 1993).The two out-of-circuit federal cases Mr. Kersey cites predate Sandin and involve facts that are distinct from this case. One involved a prison's attempt to prohibit visitation between inmates and visitors of different races, *see* Martin v. Wainright, 525 F.2d 983 (5th Cir. 1976), and the other dealt generally with the notice requirement applicable in the prison disciplinary context, *see* Coffman v. Trickey, 884 F.2d 1057 (8th Cir. 1989).